**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CHRISTOPHER DAVIS,

Plaintiff,

v.

LAKE COUNTY, ILLINOIS, ARMOR CORRECTIONAL HEALTH SERVICES, INC., LAKE COUNTY SHERIFF MARK CURRAN, DR. DAVID A. WEIS, MATTHIS GUTTIERREZ, and DAVID WATHEN

Defendants.

Case No. 1:16-cv-03619

Honorable Andrea R. Wood

Magistrate Gabriel A. Fuentes

**PLAINTIFF'S VERIFIED RULE 6(b)(1)(A) MOTION TO ENLARGE TIME FOR PLAINTIFF'S RULE 26(a)(2)(B) EXPERT WRITTEN REPORT DISCLOSURE AND DEPOSITIONS**

The plaintiff, CHRISTOPHER DAVIS, by his appointed counsel, FUOCO LAW GROUP, LTD. moves the District Court for an enlargement of time pursuant to Fed. R. Civ. P. 6(b)(1)(A) for service of Rule 26(a)(2) Expert written opinion reports and subsequent depositions for good cause shown as follows:

1. The undersigned is the fourth appointed counsel for the plaintiff with a filed Appearance only since March 20, 2024.

2. At the time of the undersigned's March 7, 2024 appointment, the undersigned had just finished a Cook County Circuit Court, Law Division jury trial to verdict on February 28, 2024 (20191125191); has three state case appeals pending (3-23-

0474 - 05/22/24 oral argument held), 1-23-1815 (briefing underway), and 1-23-2236 (briefing underway); and set for two additional Cook County Circuit Court, Law Division jury trials on May 3, 2024 (2019 L 013024 remanded as 20 CV 103 by Judge Pacold on 09/08/23), next on May 13, 2024 (2020 L 010203), then on September 10, 2024 (2020 L 009024); and finally on October 7, 2024 (22 CV 0093 Vilas County Circuit Court, WI).

3. Since the last April 3, 2024 telephonic status held by the District Court, the undersigned achieved two defendant settlements on April 22, 2024 to avoid the May 13, 2024 jury trial for the plaintiff in 2020 L 010203; tried 2019 L 013024 to jury verdict on May 10, 2024 and is now engaged as the respondent in post-trial motions; argued to denial of three briefed defendant motions to dismiss, first on May 17, 2024 in 2020 P 004072 (Cook County Probate); second on June 24, 2024 in 2020 L 003570 (Cook Circuit Court, Law Division); and third on June 26, 2024 in 2023 LA 00000838 (Lake County (IL) Circuit Court); on May 22, 2024 presented oral argument for the appellants in 3-23-0474 (Ottawa, IL); and coordinated the opinion disclosures of a behavioral health care malpractice liability expert and an earnings loss expert and then prepared two Rule 213(f)(3) controlled expert opinion disclosures served on June 14, 2024 to the defense in 2020 L 009024, set for jury trial on September 10, 2024.

4. Also since the last April 3, 2024 telephonic status, the undersigned traveled to Wisconsin for two 22 CV 0093 defendant party depositions taken in Milwaukee on May 23, 2024 and June 13, 2024 respectively. Also, to Green Bay, WI for the undersigned's

client/22 CV 0093 plaintiff's deposition taken on June 3, 2024.

5. Despite the above activity, the undersigned also had potential experts under consideration by Friday June 21, 2024 for retention and first called the District Court's chambers as prompted to do during the April 3, 2024 telephonic conference for *in camera* information regarding whatever expert retention funding or reimbursement had been previously established in April 2022 by the plaintiff's third and most recent predecessor counsel. This information is tied to the sealed motion reflected in the case docket as ECF 125 dated April 29, 2022.

6. Based upon the undersigned's Verizon wireless phone records, the undersigned called the District Court's chambers at 312/435-5582 at 12:55 p.m. to reach the Court Room Deputy, Laritza Arcos. Tyler, one of the District Court's law clerks took the call lasting five minutes and informed the undersigned, after the undersigned gave the case information and described in some detail why he was calling, that Ms. Arcos was out at that time, but he would provide her a message to contact the undersigned.

7. The undersigned did not receive a call back and called the District Court's chambers at 312/435-5582 again on June 27, 2024 at 11:27 a.m. which went to Ms. Arco's voicemail. The undersigned left Ms. Arcos a detailed description with case information for the follow up phone call and the undersigned's phone and email contact information. This call lasted three minutes.

8. To date, the undersigned has not received the requested information

governing the financial circumstances of experts' retention in the plaintiff's case.

9. The undersigned could not retain experts for the plaintiff by the July 8, 2024 Rule 26(a)(2) deadline without the requested information governing the financial circumstances. Such commitment has a direct bearing upon the undersigned's firm's finances and must be known beforehand.

10. For the foregoing verified circumstances, the plaintiff's Motion should be granted, and a reasonable time continuance granted for the plaintiff's retention of experts, the preparation of Rule 26(a)(2) expert written reports, and for subsequent depositions.

Respectfully submitted,

*/s/ Steven C. Fuoco*
Counsel for the Plaintiff
Christopher Davis

Fuoco Law Group, Ltd.
1055 Golf Avenue
Highland Park, IL 60035-3637
847/432-LAWS (5297)
fuocolawgroup@gmail.com
IL ARDC 6206935

**VERIFICATION PURSUANT TO 28 U.S.C. § 1746**

I, Steven C. Fuoco, declare under penalty of perjury that the foregoing is true and correct.

Executed: July 8, 2024 *<u>/s/ Steven C. Fuoco</u>*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, on oath states that I served other case record counsels electronically on July 8, 2024 via the ECF system of which they are registered users.

Executed: July 8, 2024 /s/ *Steven C. Fuoco*